1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JULIAN RODRIGUEZ,                    No.  2:20-CV-1659-JAM-DMC-P

12              Plaintiff,

13         v.                              ORDER

14    D. HENRY, et al.,

15              Defendants.

16

17         Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel

19    and/or an interpreter, ECF No. 3.

20         The United States Supreme Court has ruled that district courts lack authority to

21    require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

22    Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

24    F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25    A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26    on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27    complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

28    dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

                                         1

1    Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

2    of counsel because:

3              . . . Terrell demonstrated sufficient writing ability and legal knowledge to
               articulate his claim.  The facts he alleged and the issues he raised were not
4              of substantial complexity.  The compelling evidence against Terrell made it
               extremely unlikely that he would succeed on the merits.
5
               Id. at 1017.
6

7              In the present case, the Court does not at this time find the required exceptional

8    circumstances.  Plaintiff's motion states in English that he requires the assistance of counsel or an

9    interpreter because he speaks only Spanish.  The Court finds that this is not an exceptional

10   circumstance given the number of California inmates who do not speak English.  Moreover, it

11   appears from Plaintiff's filing that he has access to the assistance in translations and preparation

12   of  documents.  Plaintiff is also advised that he may be able to obtain translation assistance

13   through the prison's litigation coordinator.  Moreover, while the law provides for court-appointed

14   interpreters in judicial proceedings instituted by the United States, See 28 U.S.C. § 1827(a), the

15   current action is not such a proceeding and there is no corresponding provision in the law for civil

16   action instituted by private individuals.  Finally, the Eighth Amendment cruel and unusual

17   punishment claims raised in this action are neither sufficiently legally nor factually complex to

18   warrant the appointment of counsel.

19             Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the

20   appointment of counsel and/or an interpreter, ECF No. 3, is denied.

21

22

23   Dated:  February 17, 2021

24   _____
     DENNIS M. COTA
25   UNITED STATES MAGISTRATE JUDGE

26

27

28