1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10
11

JULIAN RODRIGUEZ

No. 2:20-CV-1659-JAM-DMC-P

12

Plaintiff,

13

v.

ORDER

14

D. HENRY,

15

Defendants.

16
17

  Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C.

18

§ 1983. Before the Court is Plaintiff's original complaint. ECF No. 1. Plaintiff's complaint is almost

19

entirely in Spanish. The Court will grant Plaintiff leave to amend.

20

**I. SCREENING REQUIREMENT**

21

  The Court must screen complaints from prisoners seeking relief against a

22

governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any

23

cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to

24

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

25

immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

26

  A complaint must contain a short and plain statement of the claim that a plaintiff is

27

entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim

28

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

1

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

The Court must construe a pro se litigant's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

## II. PLAINTIFF'S COMPLAINT

The Court is unable to review Plaintiff's allegations. His complaint is almost wholly written in Spanish. ECF No. 1 at 3–7. The Court understands that Plaintiff sues four defendants for apparent Eighth Amendment violations. Id. at 1–6. But the Court cannot review the substance of Plaintiff's claims or his requested relief because the complaint is not in English. See id. 1–7

## III. DISCUSSION

It is entirely possible that Plaintiff states viable Eighth Amendment claims. But the Court cannot accept submissions in a language other than English. United States v. Rivera-Rosario, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English.").

2

Sister courts in the Eastern District have reached the same conclusion. Rodriguez v. Ruiz, No. 2:20-cv-1525-JPD P, 2020 WL 5995097, at *1 (E.D. Cal. Oct. 9, 2020).[1] Courts sitting in other districts have also recognized that submissions in federal court must be in English. Arteaga v. Cinram-Technicolor, No. 3:19-cv-00349, 2020 WL 1905176, at *1 (M.D. Tenn. Apr. 17, 2020); Kim v. Chung Sook Lee, No. 18-CV-12230 (CM), 2019 WL 4688692, at *2 (S.D. N.Y. Sept. 24, 2019); Ramirez-Solorio v. United States, No. 1:15-CV-3769-AT-JFK, 2017 WL 2350209, at *1 & n.1 (N.D. Ga. May 31, 2017). Moreover, courts in this district have rejected (or recognized that they are unable to consider) submissions that would require translation from a language other than English. Rodriguez, 2020 WL 5995097, at *1; see Ruiz v. Ehlers, No. 2:21-cv-00146-JAM-JDP (PC), 2021 WL 2313385, at *1 n.1 (E.D. Cal. May 5, 2021); Ruiz v. Mobert, No.: 1:17-cv-00709-BAM (PC), 2017 WL 6886093, *1 (E.D. Cal. July 5, 2017) ("As Plaintiff has been previously informed, the Court cannot provide Plaintiff with translated documents, nor will it translate his documents from Spanish into English.").

It is possible that Plaintiff states cognizable claims. The Court will dismiss the original complaint and grant Plaintiff leave to file a first amended complaint in English, or if not a submission that is itself in English, a complaint accompanied by an English translation.[2]

## IV. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet,

---

[1] It appears that Plaintiff himself has filed submissions in Spanish in other cases in this district, only to be warned that submissions must be in English. For example, in Rodriguez v. Ruiz, No. 2:20-cv-1525-JPD P, 2020 WL 5995097, at *1 (E.D. Cal. Oct. 9, 2020), the United States Magistrate Judge in that case dismissed Plaintiff's complaint with leave to amend and informed Plaintiff that the Court would not accept submissions in Spanish. Id. at *1. The Court reviewed the docket in that case. Plaintiff's name and prisoner identification number are the same as in this case. Compare ECF No. 1 at 1, with Compl. at 1, Rodriguez v. Ruiz, No. 2:20-cv-1525-JPD P (E.D. Cal. 2020). The Court recognizes that Plaintiff filed the complaint here before the United States Magistrate Judge in Plaintiff's other case issued his order.

[2] Other courts have recognized the possibility of amendment or permissibility of submissions with an English translation if the court's local rules do not expressly mandate filings be in English. See Kim, 2019 WL 4688692, at *2; see also Court of Common Pleas v. Kelly, 417 F. App'x 126, 127–28 (3d Cir. 2011) (indicating that where a district court's local rules do not prohibit filing in a foreign language, the court should request a translation and, if appropriate, grant leave to amend); see also Ramirez-Solorio, 2017 WL 2350209, at *1 n.1.

963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260–61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's original complaint is dismissed with leave to amend; and

2.      Plaintiff shall file a first amended complaint in English (or, if not in English, with an English translation) within 30 days of the date of service of this order.


Dated:  August 6, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4